IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ARCHER-DANIELS-MIDLAND COMPANY<br><br>                        Plaintiff,<br><br>        v.<br><br>IGENE BIOTECHNOLOGY, INC.,<br><br>                        Defendant. | Civil Action No. S97-2358 |

**ARCHER-DANIELS-MIDLAND COMPANY'S
ANSWER TO IGENE BIOTECHNOLOGY, INC.'S
FIRST AMENDED COUNTERCLAIMS**

In accordance with Rules 7 and 12 of the Federal Rules of Civil Procedure, Plaintiff Archer-Daniels-Midland Company ("ADM"), by undersigned counsel, hereby files its Reply to the First Amended Counterclaims of Defendant IGENE Biotechnology, Inc. ("IGENE").

**FIRST DEFENSE**

In Reply to the enumerated Paragraphs of the Counterclaims, which are denominated Paragraphs 26 through 206 of the First Amended Answer and Counterclaims of IGENE Biotechnology, Inc. (hereinafter "Answer and Counterclaims"), ADM states as follows:

1.  With respect to Paragraph 26 of the Answer and Counterclaims, ADM admits that IGENE's Counterclaims purport to be an action, <u>inter alia</u> under the United States patent laws and the Sherman Act and admits that this court has subject matter jurisdiction over these claims. Except as expressly so admitted, ADM denies the allegations of Paragraph 26.

2.  With respect to the allegations of Paragraph 27 of the Answer and Counterclaims, ADM denies that the asserted state law claims are so related to the federal claims that they fall

within this Court's supplemental jurisdiction, denies that there is complete diversity of citizenship, and otherwise denies the allegations of Paragraph 27.

3. With respect to Paragraph 28 of the Answer and Counterclaims, ADM admits that the Court has personal jurisdiction over ADM buth otherwise denies the allegations of Paragraph 28.

4. ADM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Answer and Counterclaims and therefore denies them.

5. With respect to Paragraph 30 of the Answer and Counterclaims, ADM admits that venue is proper in this Court. Except as expressly so admitted, ADM denies the allegations of Paragraph 30.

6. With respect to Paragraph 31 of the Answer and Counterclaims, ADM admits that its activities and those of IGENE affect interstate commerce, that ADM conducts business nationally and internationally and that ADM intends to manufacture and sell astaxanthin nationally and internationally. ADM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 of the Answer and Counterclaims and therefore denies them

7. ADM admits, on information and belief, the allegations of Paragraph 32 of the Answer and Counterclaims.

8. ADM admits the allegations of Paragraph 33 of the Answer and Counterclaims.

9. ADM lacks knowledge or information sufficient to form a belief as to Mr. Mikmehr's current residence. ADM admits that Mr. Nikmehr is former employee of IGENE.

10. ADM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Answer and Counterclaims and therefore denies them, except that ADM admits that astaxanthin is used to give farm raised fish a reddish or pinkish hue.

11. ADM admits the allegations of Paragraph 36 of the Answer and Counterclaims.

12. ADM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Answer and Counterclaims and therefore denies them.

13. ADM denies the allegations of Paragraph 38 of the Answer and Counterclaims.

14. ADM admits the allegations of the first sentence of Paragraph 39 insofar as it pertains to ADM. On information and belief, ADM admits that IGENE is developing natural astaxanthin using ADM's patented technology. ADM admits the allegations of the second sentence of Paragraph 39 of the Answer and Counterclaims and admits the allegations of the fifth sentence insofar as it pertains to ADM. On information and belief, ADM admits that IGENE is offering for sale and selling astaxanthin within the United States and lacks knowledge or information sufficient to form a belief as to the remaining allegations with regard to IGENE's activities or intentions. ADM denies the remaining allegations of Paragraph 39, including but not limited to the fourth sentence of that paragraph.

15. Paragraph 40 of the Answer and Counterclaims states conclusions of law as to which no response is required. To the extent deemed factual, ADM denies the allegations of Paragraph 40 of the Answer and Counterclaims.

16. Paragraph 41 of the Answer and Counterclaims states conclusions of law as to which no response is required. To the extent deemed factual, ADM denies the allegations of Paragraph 41 of the Answer and Counterclaims.

- 3 -

17. ADM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Answer and Counterclaims and therefore denies them.

18. ADM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Answer and Counterclaims and therefore denies them.

19. ADM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44 of the Answer and Counterclaims and therefore denies them, except that ADM admits that it entered into a written agreement with IGENE on or about May 11, 1995.

20. With respect to Paragraph 45 of the Answer and Counterclaims, ADM admits that on or about August 17, 1994, it signed a Nondisclosure Agreement with IGENE.  ADM further admits that on or about October 2-5, 1994, Charles Abbas visited IGENE.  Except as expressly so admitted, ADM denies the allegations of Paragraph 45.

21. ADM denies the allegations of Paragraph 46 of the Answer and Counterclaims.

22. With respect to Paragraph 47 of the Answer and Counterclaims, ADM admits that at various times between October 1994 and February 1996, IGENE personnel traveled to ADM's facilities.  Except as expressly so admitted, ADM denies the allegations of Paragraph 44.

23. With respect to Paragraph 48 of the Answer and Counterclaims, ADM admits that Paul Caswell and others associated with ADM negotiated the May 11, 1995 agreement with IGENE.  Except as expressly so admitted, ADM denies the allegations of Paragraph 48.

24. With respect to Paragraph 49 of the Answer and Counterclaims, ADM admits that it entered into a written agreement with IGENE on May 11, 1995 which agreement included. ADM asserts that the agreement speaks for itself and denies the remaining allegations of Paragraph 49.

25. With respect to Paragraph 50 of the Answer and Counterclaims, ADM lacks knowledge or information sufficient to form a belief as to what IGENE allegedly "began to notice." ADM denies it took "a longer time than agreed to test IGENE's technology."

26. With respect to Paragraph 51 of the Answer and Counterclaims, ADM admits that in June 1995 it was publicly disclosed that the United States Department of Justice was conducting an antitrust investigation involving ADM.  Except as expressly so admitted, ADM denies the allegations of Paragraph 51.

27. ADM denies the allegations of Paragraph 52 of the Answer and Counterclaims.

28. With respect to Paragraph 53 of the Answer and Counterclaims, ADM admits that Mark Whitacre was indicted and ADM entered a plea to certain federal charges.  ADM asserts that those indictments and plea agreements speak for themselves and denies the remaining allegations of Paragraph 53.

29. ADM denies the allegations of Paragraph 54 of the Answer and Counterclaims.

30. With respect to Paragraph 55 of the Answer and Counterclaims, ADM admits that on or about November 22, 1995, ADM and IGENE entered into an extension of the May 11, 1995 agreement.  ADM asserts that the extension speaks for itself and denies the remaining allegations of Paragraph 55.

31. ADM denies the allegations of Paragraph 56 of the Answer and Counterclaims.

32. ADM denies the allegations of Paragraph 57 of the Answer and Counterclaims.

33. With respect to Paragraph 58 of the Answer and Counterclaims, ADM admits that Universal had developed a process for production of astaxanthin from phaffia and that IGENE

had access to Universal's strains, but lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 58 and therefore denies them.

34. With respect to Paragraph 59 of the Answer and Counterclaims, ADM admits that in accordance with the May 11, 1995 agreement, as extended, IGENE attempted to demonstrate its technology to ADM. Except as expressly so admitted, ADM denies the remaining allegations of Paragraph 59.

35. With respect to Paragraph 60 of the Answer and Counterclaims, ADM asserts that the May 11, 1995 agreement, as extended, and the April 17, 1996 letter speak for themselves. ADM admits that it has acquired rights to certain technology of Universal. ADM denies that it has made use of the information provided by IGENE, that IGENE's strains performed as required, that ADM has refused to make any payment legally due and owing to IGENE, and any remaining allegations of Paragraph 60.

36. With respect to Paragraph 61 of the Answer and Counterclaims, ADM lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Mr. Nikmehr's dates of employment. ADM admits that on or about May 20, 1996 Mr. Nikmehr wrote to Mr. Abbas seeking employment with ADM, and that on or about June 1, 1996, Paul Caswell of ADM declined to hire Mr. Nikmehr. Except as expressly so admitted, ADM denies the allegations of Paragraph 61.

37. ADM denies the allegations of Paragraph 62 of the Answer and Counterclaims.

38. ADM denies the allegations of Paragraph 63 of the Answer and Counterclaims.

39. With respect to Paragraph 64 of the Answer and Counterclaims, ADM lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding

Mr. Nikmehr except ADM denies it was engaged in any conspiracy with him or any other individual or entity.

40. ADM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Answer and Counterclaims and therefore denies them.

41. With respect to Paragraph 66 of the Answer and Counterclaims, ADM admits that beginning in or about December 1996, Mr. Nikmehr sent certain unsolicited documents to ADM. ADM asserts that those documents, copies of which have been provided to IGENE, speak for themselves.  ADM denies the remaining allegations of Paragraph 66 including specifically but not limited to any characterization of the documents or information as stolen, confidential, trade secrets or having a particular monetary value.

42. With respect to Paragraph 67 of the Answer and Counterclaims, ADM admits that beginning in or about December 1996, Mr. Nikmehr sent certain unsolicited documents to ADM. ADM asserts that those documents, copies of which have been provided to IGENE, speak, for themselves.  ADM denies the remaining allegations of Paragraph 67 including specifically but not limited to any characterization of the documents as stolen or confidential.

43. With respect to Paragraph 68 of the Answer and Counterclaims, ADM admits that beginning in or about December 1996, Mr. Nikmehr sent certain unsolicited documents to ADM. ADM asserts that those documents, copies of which have been provided to IGENE, speak for themselves.  ADM denies the remaining allegations of Paragraph 68 including specifically but not limited to any characterization of the documents or information as stolen, confidential, or being the result of IGENE's substantial efforts.

44. ADM denies the allegations of Paragraph 69 of the Answer and Counterclaims.

45. With respect to Paragraph 70 of the Answer and Counterclaims, ADM admits that beginning in or about December 1996, Mr. Nikmehr sent certain unsolicited documents to ADM. ADM asserts that those documents, copies of which have been provided to IGENE, speak for themselves. ADM denies the remaining allegations of Paragraph 70 including specifically but not limited to any characterization of the documents or information as stolen, confidential, or being the result of Igene's substantial research and analysis.

46. With respect to Paragraph 71 of the Answer and Counterclaims, ADM admits it received several unsolicited packages from Mr. Nikmehr, but denies the remaining allegations of Paragraph 71, including specifically but not limited to any characterization of the information as confidential.

47. With respect to Paragraph 72 of the Answer and Counterclaims, ADM admits it received an unsolicited package from Mr. Nikmehr on or about December 2, 1996. ADM denies the remaining allegations of Paragraph 72 including specifically but not limited to any characterization of the documents as stolen or confidential.

48. With respect to Paragraph 73 of the Answer and Counterclaims, ADM admits that it received several unsolicited packages from Mr. Nikmehr, but denies the remaining allegations of Paragraph 73.

49. With respect to Paragraph 74 of the Answer and Counterclaims, ADM admits that it received an unsolicited package and letter from Mr. Nikmehr on or about May 12, 1997. ADM asserts that the letter and documents, copies of which have been provided to IGENE, speak for themselves. ADM denies the remaining allegations of Paragraph 74, including specifically but not limited to any characterization of the documents as stolen or confidential.

50. ADM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Answer and Counterclaims and therefore denies them.

51. ADM denies the allegations of Paragraph 76 of the Answer and Counterclaims.

52. ADM denies the allegations of Paragraph 77 of the Answer and counterclaims.

53. With respect to Paragraph 78 of the Answer and Counterclaims, ADM admits that it received several unsolicited packages from Mr. Nikmehr. Except as expressly so admitted, ADM denies the allegations of Paragraph 78 including specifically but not limited to any characterization of the documents as proprietary or trade secrets.

54. ADM denies the allegations of Paragraph 79 of the Answer and Counterclaims.

55. ADM denies the allegations of Paragraph 80 of the Answer and Counterclaims.

56. ADM denies the allegations in Paragraph 81 of the Answer and Counterclaims.

57. ADM admits the allegations of Paragraph 82 of the Answer and Counterclaims.

58. ADM denies the allegations of Paragraph 83 of the Answer and Counterclaims.

59. ADM denies the allegations of Paragraph 84 of the Answer and Counterclaims.

60. With respect to Paragraph 85 of the Answer and Counterclaims, ADM lacks knowledge or information sufficient to form a belief as to what Mr. Nikmehr told a Howard County police detective or whether any such statement was voluntary. ADM denies that Mr. Abbas made any such statements to Mr. Nikmehr.

61. ADM denies the allegations of Paragraph 86 of the Answer and Counterclaims.

62. ADM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87 of the Answer and Counterclaims and therefore denies them, except

that ADM admits that Charles Abbas consulted was under the supervision of other ADM personnel.

63. ADM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88 of the Answer and Counterclaims and therefore denies them.

64. ADM denies the allegations of Paragraph 89 of the Answer and Counterclaims.

65. With respect to Paragraph 90 of the Answer and Counterclaims, ADM admits Mr. Nikmehr sent certain unsolicited newspaper articles. ADM asserts that the articles speak for themselves and denies the remaining allegations of Paragraph 90.

66. With respect to Paragraph 91 of the Answer and Counterclaims, ADM admits that on or about May 21, 1997, it sent a letter to IGENE. ADM asserts that the letter speaks for itself and denies the remaining allegations of Paragraph 91.

67. ADM admits the allegations of Paragraph 92 of the Answer and Counterclaims.

68. With respect to Paragraph 93 of the Answer and Counterclaims, ADM admits that on or about July 15, 1997, its patent counsel sent a letter to IGENE along with all documents that had been received from Mr. Nikmehr. ADM asserts that the letter and documents speak for themselves and denies the remaining allegations of Paragraph 93, including specifically but not limited to any characterization of the documents as stolen.

69. With respect to Paragraph 94 of the Answer and Counterclaims, ADM lacks knowledge or information sufficient to form a belief as to what IGENE "perceived". ADM admits that certain scientific tests would be helpful in resolving this matter, but asserts that both prior and subsequent to the filing of this patent infringement case, IGENE has refused to make its strains and/or product available for appropriate testing, and on information and belief, has

- 10 -

opposed testing sought by ADM in order to obscure its willful infringement. ADM denies that it ever used or attempted any subterfuge to obtain any IGENE trade secrets, and denies any remaining allegations of Paragraph 94.

70. ADM denies the allegations of Paragraph 95 of the Answer and Counterclaims.

71. With respect to Paragraph 96 of the Answer and Counterclaims, ADM admits that IGENE rebuffed its attempt to resolve this matter short of litigation and denies that it was attempting to extort anything from IGENE. ADM admits on information and belief that IGENE is a Maryland company. Except as expressly so admitted or denied, ADM lacks knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 96 and therefore denies them.

72. With respect to Paragraph 97 of the Answer and Counterclaims, ADM asserts that the July 15, 1997 letter speaks for itself and denies the allegations of Paragraph 97.

73. With respect to Paragraph 98 of the Answer and Counterclaims, ADM denies the implication that it did not return copies of all documents it had received from Mr. Nikmehr to IGENE. ADM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 98 and therefore denies them.

74. With respect to Paragraph 99 of the Answer and Counterclaims, ADM denies that Nikmehr was acting through or at the direction of Charles Abbas and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 99 of the Answer and Counterclaims and therefore denies them.

75. ADM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100 of the Answer and Counterclaims and therefore denies them.

76. ADM denies the allegations of Paragraph 101 of the Answer and Counterclaims.

77. ADM denies the allegations of Paragraph 102 of the Answer and Counterclaims.

78. ADM denies the allegations of Paragraph 103 of the Answer and Counterclaims.

79. With respect to Paragraph 104 of the Answer and Counterclaims, ADM asserts that the documents returned to IGENE speak for themselves and denies the remaining allegations of Paragraph 104.

80. ADM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105 of the Answer and Counterclaims and therefore denies them. In further replying, ADM denies that it used any materials received from Mr. Nikmehr with respect to its marketing activities for astaxanthin.

81. ADM denies the allegations of Paragraph 106 of the Answer and Counterclaims.

82. With respect to Paragraph 107 of the Answer and Counterclaims, ADM admits that on October 15, 1996 it entered a guilty plea in the United States District Court for the Northern District of Illinois. ADM asserts that the guilty plea speaks for itself and denies the remaining allegations of Paragraph 107.

83. ADM denies the allegations of Paragraph 108 of the Answer and Counterclaims.

84. With respect to the allegations of Paragraph 109 of the Answer and Counterclaims, ADM admits the allegations of the first two sentences, lacks knowledge or information sufficient to form a belief as to the allegations of the third and fourth sentences and denies the allegations of the fifth sentence of that paragraph.

85. ADM denies the allegations of Paragraph 110 of the Answer and Counterclaims.

86. ADM denies the allegations of Paragraph 111 of the Answer and Counterclaims.

87. With respect to Paragraph 112 of the Answer and Counterclaims, ADM repeats and reasserts paragraphs 1 through 86 above as though fully set forth herein.

88. ADM denies the allegations of Paragraph 113 of the Answer and Counterclaims.

89. ADM denies the allegations of Paragraph 114 of the Answer and Counterclaims.

90. ADM denies the allegations of Paragraph 115 of the Answer and Counterclaims.

91. ADM denies the allegations of Paragraph 116 of the Answer and Counterclaims.

92. ADM denies the allegations of Paragraph 117 of the Answer and Counterclaims.

93. ADM denies the allegations of Paragraph 118 of the Answer and Counterclaims.

94. With respect to Paragraph 119 of the Answer and Counterclaims, ADM repeats and reasserts paragraphs 1 through 86 above as though fully set forth herein.

95. ADM admits the allegations of Paragraph 120 of the Answer and Counterclaims.

96. ADM denies the allegations of Paragraph 121 of the Answer and Counterclaims, except it admits IGENE disclosed certain technology to ADM pursuant to the contract.

97. ADM denies the allegations of Paragraph 122 of the Answer and Counterclaims.

98. ADM denies the allegations of Paragraph 123 of the Answer and Counterclaims.

99. With respect to the allegations of Paragraph 124 of the Answer and Counterclaims ADM states that the contract speaks for itself.

100. ADM denies the allegations of Paragraph 125 of the Answer and Counterclaims.

101. ADM admits, on information and belief, the allegations of Paragraph 126 of the Answer and Counterclaims.

102. ADM denies the allegations of Paragraph 127 of the Answer and Counterclaims.

103. ADM denies the allegations of Paragraph 128 of the Answer and Counterclaims.

104.    ADM denies the allegations of Paragraph 129 of the Answer and Counterclaims.

105.    With respect to Paragraph 130 of the Answer and Counterclaims, ADM repeats and reasserts paragraphs 1 through 86 above as though fully set forth herein.

106.    ADM denies the allegations of Paragraph 131 of the Answer and Counterclaims.

107.    ADM admits, on information and belief, that IGENE's only place of business is in the State of Maryland.  ADM denies the remaining allegations of Paragraph 132 of the Answer and Counterclaims.

108.    ADM denies the allegations of Paragraph 133 of the Answer and Counterclaims.

109.    With respect to the allegations of Paragraph 134 of the Answer and Counterclaims, ADM denies that Nikmehr obtained any direction or guidance from Charles Abbas and lacks knowledge or information sufficient to form a belief as to any travel to Illinois by Nikmehr and therefore denies the remaining allegations of that paragraph.

110.    ADM denies the allegations of Paragraph 135 of the Answer and Counterclaims.

111.    With respect to Paragraph 136 of the Answer and Counterclaims, ADM repeats and reasserts paragraphs 1 through 86 above as though fully set forth herein.

112.    ADM denies the allegations of Paragraph 137 of the Answer and Counterclaims.

113.    With respect to Paragraph 138 of the Answer and Counterclaims, ADM repeats and reasserts paragraphs 1 through 86 above as though fully set forth herein.

114.    ADM admits the allegations of Paragraph 139 of the Answer and Counterclaims.

115.    With respect to the allegations of Paragraph 140 of the Answer and Counterclaims, ADM admits that IGENE disclosed certain technology to ADM pursuant to the terms of the contract and denies the remaining allegations of that paragraph.

- 14 -

116.    ADM denies the allegations of Paragraph 141 of the Answer and Counterclaims.

117.    ADM denies the allegations of Paragraph 142 of the Answer and Counterclaims.

118.    With respect to the allegations of Paragraph 143 of the Answer and Counterclaims, ADM states that the document speaks for itself.

119.    ADM denies the allegations of Paragraph 144 of the Answer and Counterclaims.

120.    With respect to Paragraph 145 of the Answer and Counterclaims, ADM repeats and reasserts paragraphs 1 through 119 above as though fully set forth herein.

121.    ADM denies the allegations of Paragraph 146 of the Answer and Counterclaims.

122.    ADM denies the allegations of Paragraph 147 of the Answer and Counterclaims and all of its subparts.

123.    ADM denies the allegations of Paragraph 148 of the Answer and Counterclaims.

124.    ADM denies the allegations of Paragraph 149 of the Answer and Counterclaims.

125.    With respect to Paragraph 150 of the Answer and Counterclaims, ADM repeats and reasserts paragraphs 1 through 124 above as though fully set forth herein.

126.    ADM denies the allegations of Paragraph 151 of the Answer and Counterclaims.

127.    ADM denies the allegations of Paragraph 152 of the Answer and Counterclaims and all of its subparts.

128.    ADM denies the allegations of Paragraph 153 of the Answer and Counterclaims.

129.    ADM denies the allegations of Paragraph 154 of the Answer and Counterclaims.

130.    ADM denies the allegations of Paragraph 155 of the Answer and Counterclaims.

131.    ADM denies the allegations of Paragraph 156 of the Answer and Counterclaims.

132.    With respect to Paragraph 157 of the Answer and Counterclaims, ADM repeats and reasserts paragraphs 1 through 131 above as though fully set forth herein.

133.    ADM denies the allegations of Paragraph 158 of the Answer and Counterclaims.

134.    ADM denies the allegations of Paragraph 159 of the Answer and Counterclaims.

135.    ADM denies the allegations of Paragraph 160 of the Answer and Counterclaims and all of its subparts.

136.    ADM denies the allegations of Paragraph 161 of the Answer and Counterclaims.

137.    ADM denies the allegations of Paragraph 162 of the Answer and Counterclaims.

138.    ADM denies the allegations of Paragraph 163 of the Answer and Counterclaims.

139.    ADM denies the allegations of Paragraph 164 of the Answer and Counterclaims.

140.    ADM denies the allegations of Paragraph 165 of the Answer and Counterclaims.

141.    ADM denies the allegations of Paragraph 166 of the Answer and Counterclaims.

142.    ADM denies the allegations of Paragraph 167 of the Answer and Counterclaims.

143.    ADM denies the allegations of Paragraph 168 of the Answer and Counterclaims.

144.    With respect to Paragraph 169 of the Answer and Counterclaims, ADM repeats and reasserts paragraphs 1 through 144 above as though fully set forth herein.

145.    ADM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170 of the Answer and Counterclaims and therefore denies them.

146.    ADM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171 of the Answer and Counterclaims and therefore denies them.

147.    With respect to Paragraph 172 of the Answer and Counterclaims, ADM denies the allegations in the first sentence, states that the letter referred to in the second letter speaks for

itself, and lacks knowledge or information sufficient to form a belief as to the allegations in the third sentence and therefore denies them.

148.    ADM denies the allegations of Paragraph 173 of the Answer and Counterclaims.

149.    ADM denies the allegations of Paragraph 174 of the Answer and Counterclaims.

150.    ADM denies the allegations of Paragraph 175 of the Answer and Counterclaims.

151.    ADM denies the allegations of Paragraph 176 of the Answer and Counterclaims.

152.    ADM denies the allegations of Paragraph 177 of the Answer -and Counterclaims.

153.    ADM denies the allegations of Paragraph 178 of the Answer and Counterclaims.

154.    With respect to Paragraph 179 of the Answer and Counterclaims, ADM repeats and reasserts paragraphs 1 through 154 above as though fully set forth herein.

155.    ADM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 180 of the Answer and Counterclaims and therefore denies them.

156.    ADM denies the allegations of Paragraph 181 of the Answer and Counterclaims.

157.    ADM denies the allegations of Paragraph 182 of the Answer and Counterclaims.

158.    With respect to Paragraph 183 of the Answer and Counterclaims, ADM repeats and reasserts paragraphs 1 through 158 above as though fully set forth herein.

159.    ADM denies the allegations of Paragraph 184 of the Answer and Counterclaims.

160.    With respect to Paragraph 185 of the Answer and Counterclaims, ADM admits that in late 1994 or 1995 it entered into negotiations with IGENE. ADM also admits that Mr. Whitacre was indicted and prosecuted on numerous charges by the U.S. Department of Justice and asserts that those indictments speak for themselves. Except as expressly so admitted, ADM denies the remaining allegations of Paragraph 185.

161.    With respect to Paragraph 186 of the Answer and Counterclaims, ADM admits that it entered into an agreement with IGENE on or about May 11, 1995. ADM asserts that the agreement speaks for itself and denies the remaining allegations of Paragraph 186.

162.    With respect to Paragraph 187 of the Answer and Counterclaims, ADM admits that IGENE attempted to demonstrate its technology and provided certain information regarding it process. ADM denies that IGENE ever successfully demonstrated its technology and denies the remaining allegations of Paragraph 187.

163.    ADM denies the allegations of Paragraph 188 of the Answer and Counterclaims.

164.    ADM denies the allegations of Paragraph 189 of the Answer and Counterclaims.

165.    With respect to Paragraph 190 of the Answer and Counterclaims, ADM denies that it refused to make any payment that was legally due under the agreement, as extended, and denies the remaining allegations of Paragraph 190.

166.    ADM denies the allegations of Paragraph 191 of the Answer and Counterclaims.

167.    ADM denies the allegations of Paragraph 192 of the Answer and Counterclaims.

168.    With respect to Paragraph 193, ADM admits that IGENE has made demand for $450,000 and that ADM has refused to make such payment. ADM denies that IGENE is legally due such amount or that ADM has breached the contract. In further answering, ADM asserts that IGENE failed to demonstrate the technology as required by the May 11, 1995 agreement, as extended, and despite demand from ADM refused to return $250,000 in payments that had been advance to IGENE under the terms of the agreement. ADM therefore contends that IGENE is in breach of the May 11, 1995 agreement, as extended.

169.    ADM denies the allegations of Paragraph 194 of the Answer and Counterclaims.

- 18 -

170.   With respect to Paragraph 195 of the Answer and Counterclaims, ADM repeats and reasserts paragraphs 1 through 170 above as though fully set forth herein.

171.   With respect to Paragraph 196 of the Answer and Counterclaims, ADM admits that Count XI purports to be a claim under the Declaratory Relief Act, 28 U.S.C. §§ 2202 et seq., and the Patent Laws of the United States, and that there is a justiciable controversy between the parties.  Except as expressly so admitted, ADM denies the allegations of Paragraph 196.

172.   ADM denies the allegations of Paragraph 197 of the Answer and Counterclaims.

173.   ADM denies the allegations of Paragraph 198 of the Answer and Counterclaims.

174.   ADM denies the allegations of Paragraph 199 of the Answer and Counterclaims.

175.   ADM denies the allegations of Paragraph 200 of the Answer and Counterclaims and states that the allegations lack the specificity required by law.

176.   ADM denies the allegations of Paragraph 201 of the Answer and Counterclaims.

177.   ADM denies the allegations of Paragraph 202 of the Answer and Counterclaims.

178.   ADM denies the allegations of Paragraph 203 of the Answer and Counterclaims.

179.   ADM denies the allegations of Paragraph 204 of the Answer and Counterclaims.

180.   ADM denies the allegations of Paragraph 205 of the Answer and Counterclaims.

181.   With respect to Paragraph 206 of the Answer and Counterclaims, ADM admits that this is an exceptional case under 35 U.S.C. § 285 because IGENE engaged in willful infringement of the '599 patent.  Except as expressly so admitted, ADM denies the remaining allegations of Paragraph 185 including subparts a) through e).

The remaining Paragraphs of the Answer and Counterclaims set forth claims for relief as to which no response is required.  To the extent these allegations are deemed factual, or it is

determined that a response is required, ADM denies the allegations of Paragraphs 207 through 227 of the Answer and Counterclaims.

All allegations in the Answer and Counterclaims not expressly admitted are denied.

### SECOND DEFENSE

The Answer and Counterclaims fail to state a claim for which relief can be granted.

### THIRD DEFENSE

This Court lacks subject matter jurisdiction over the state law claims.

### FOURTH DEFENSE

IGENE's claims are barred because of its illegal and inequitable conduct in infringing the '599 patent.

### FIFTH DEFENSE

IGENE's claims for damages relating to misappropriation of alleged confidential, proprietary or trade secret documents or information, are barred by its failure to take reasonable steps to protect its documents and information.

### SIXTH DEFENSE

IGENE's claims for damages for misappropriation of alleged confidential, proprietary or trade secret documents or information are barred because such documents and information have been publicly disclosed through no fault of ADM.

**SEVENTH DEFENSE**

IGENE's claim for breach of contract is barred by its own breach of contract.

Respectfully submitted,

Jorge A. Goldstein
David K.S. Cornwell
Steven R. Ludwig
STERNE, KESSLER, GOLDSTEIN & FOX,
 P.L.L.C.
1100 New York Avenue, N.W.
Suite 600
Washington, D.C.  20005-3934

Aubrey M. Daniel
William R. Murray, Jr.
Laurie S. Fulton
WILLIAMS & CONNOLLY
725 12th Street, N.W.
Washington, D.C. 20006

By: _____
        David K.S. Cornwell

Attorneys for Plaintiff
Archer-Daniels-Midland Company

Date:  July 23, 2003

## CERTIFICATE OF SERVICE

I hereby certify that on this 23 day of July, 2003 Archer-Daniels-Midland Company's

Answer To Igene Biotechnology, Inc.'s First Amended Counterclaims, was served upon the

defendant by sending a copy by Federal Express to:

> Ralph L. Lotkin, Esq.
> Capitol Hill West Building
> 201 Massachusetts Avenue, N.E.
> Suite C-1
> Washington, D.C.  20002
>
> Leonard C. Redmond, Esq.
> LEONARD C. REDMOND, III, P.C.
> 115 W Saratoga St,
> Baltimore, MD 21201

and by sending a copy by first class mail to:

> Ralph L. Lotkin, Esq.
> Capitol Hill West Building
> 201 Massachusetts Avenue, N.E.
> Suite C-1
> Washington, D.C.  20002
>
> Leonard C. Redmond, Esq.
> LEONARD C. REDMOND, III, P.C.
> 115 W Saratoga St,
> Baltimore, MD 21201

_____
David K. S. Cornwell

156852_1.doc