IN THE UNITED STATES DISTRICT COURT FOR

THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| IGENE BIOTECHNOLOGY, INC., | * | |
|     Plaintiff, | * | |
| v. | * | CIVIL ACTION NO.: S97-2358 |
| ARCHER-DANIELS-MIDLAND | * | |
| COMPANY, et al. | * | |
|     Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## ALI NIKMEHR'S RESPONSE TO FIRST AMENDED COUNTERCLAIMS

In accordance with Rules 7 and 12 of the Federal Rules of Civil Procedure, Ali Nikmehr ("Nikmehr"), one of the defendants, by Leonard C. Redmond, III, his attorney, hereby files his response to the First Amended Counterclaims of IGENE Biotechnology, Inc. ("IGENE").

### First Defense

The Amended Counterclaim of IGENE Biotechnology, Inc. fails to state a claim upon which relief can be granted.

### Second Defense

In Response to the enumerated Paragraphs of the Amended Counterclaim, denominated Paragraphs 26 through 206, Nikmehr states as follows:

1.    With respect to Paragraph 26 of the Amended Counterclaim, Nikmehr admits that IGENE's First Amended Counterclaims purport to be action under the United States Patent Laws and the Sherman Act and admits that this court has subject matter jurisdiction over these claims. Except as especially so admitted, Nikmehr denies the allegations set forth in Paragraph 26.

2. Nikmehr denies the allegations set forth in Paragraph 27 of the Amended Counterclaim.

3. Nikmehr lacks knowledge or information sufficient to inform a belief as the truth of the allegations set forth in Paragraph 28 of the Amended Counterclaim and therefore denies them.

4. Nikmehr denies the allegations set forth in Paragraph 29 of the Amended Counterclaim.

5. With respect to Paragraph 30 of the Amended Counterclaim, Nikmehr admits that venue is proper in this court. Except as especially so admitted, Nikmehr denies the allegations set forth in Paragraph 30.

6. Nikmehr lacks knowledge or information sufficient to form a belief as the truth of the allegations set forth in Paragraph 31 of the Amended Counterclaim and therefore denies them.

7. Nikmehr lacks knowledge or information sufficient to form a belief as the truth of the allegations set forth in Paragraph 32 of the Amended Counterclaim and therefore denies them.

8. Nikmehr lacks knowledge or information sufficient to form a belief as the truth of the allegations set forth in Paragraph 33 of the Amended Counterclaim and therefore denies them.

9. With respect to paragraph 34, Nikmehr admits that he was formerly employed by IGENE. Except as especially so admitted, Nikmehr denies the allegations set forth in Paragraph 34.

10. Nikmehr admits the allegations set forth in Paragraph 35 of the Amended Counterclaim.

11. Nikmehr admits the allegations set forth in Paragraph 36 of the Amended Counterclaim.

12. With respect to Paragraph 37 of the Amended Counterclaim, Nikmehr admits that IGENE had undertaken efforts to develop an economical process for the production of astaxanthin from the yeast *phaffia rhodozyma* ("*phaffia*"). Nikmehr also admits that Krill and shrimp ordinarily provide this pigment, but farm-raised fish are given other feed. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of when IGENE embarked on its efforts and therefore denies this allegation. Nikmehr also lacks knowledge or information sufficient to form a belief as to the truth of what IGENE considers to be "substantial efforts" and therefore denies this allegation. Except as expressly so admitted, Nikmehr denies the allegations set forth in Paragraph 37.

13. Nikmehr admits the allegations set forth in Paragraph 38 of the Amended Counterclaim.

14. With respect to Paragraph 39 of the Amended Counterclaim, Nikmehr admits that ADM and IGENE are both developing natural astaxanthin. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the information contained in Paragraph 39 and therefore denies the allegations.

15. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the information contained in Paragraph 40 of the Amended Counterclaim and therefore denies the allegations.

16. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the information contained in Paragraph 41 of the Amended Counterclaim and therefore denies the allegations.

17. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of the Amended Counterclaim and therefore denies them.

18. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of the Amended Counterclaim and therefore denies them.

19. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of the Amended Counterclaim and therefore denies them.

20. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 45 of the Amended Counterclaim and therefore denies them.

21. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 46 of the Amended Counterclaim and therefore denies them.

22. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47 of the Amended Counterclaim and therefore denies them.

23. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 48 of the Amended Counterclaim and therefore denies them.

24. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 49 of the Amended Counterclaim and therefore denies them.

25. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 50 of the Amended Counterclaim and therefore denies them.

26. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 51 of the Amended Counterclaim and therefore denies them.

27. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 52 of the Amended Counterclaim and therefore denies them.

28. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 53 of the Amended Counterclaim and therefore denies them.

29. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 54 of the Amended Counterclaim and therefore denies them.

30. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 55 of the Amended Counterclaim and therefore denies them.

31. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 56 of the Amended Counterclaim and therefore denies them.

32. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 57 of the Amended Counterclaim and therefore denies them.

33. With respect to Paragraph 58 of the Amended Counterclaim, Nikmehr admits that Universal had developed a process for production of astaxanthin from phaffia, and that IGENE tested two (2) universal strains at IGENE'S Laboratory in Columbia, Maryland, but lacks knowledge or information sufficient to form a belief as the remaining allegations set forth in Paragraph 58 and therefore denies them.

34. With respect to Paragraph 59 of the Amended Counterclaim, Nikmehr admits that IGENE and Archer-Daniels-Midland Company ("ADM") entered into an agreement whereby IGENE attempted to demonstrate its technology to ADM. However, Nikmehr lacks knowledge and information sufficient to form a belief as to the remaining allegations set forth in Paragraph 59 and therefore denies them.

35. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 of the Amended Counterclaim and therefore denies them.

36. With respect to Paragraph 61 of the Amended Counterclaim, Nikmehr admits that he was an employee of IGENE from January 1, 1986 through July 16, 1997. Nikmehr also admits that he was fired on July 16, 1997. Nikmehr admits that on or about May of 1996 he sent a letter to Mr. Charles Abbas ("Abbas") wherein he sought employment at ADM. Except as expressly so admitted, Nikmehr denies the allegations set forth in Paragraph 61.

37. With respect to Paragraph 62 of the Amended Counterclaim, Nikmehr admits that he spoke with Abbas on or about November or December 1996. Except as especially so admitted, Nikmehr denies the allegations set forth in Paragraph 62.

38. Nikmehr denies the allegations set forth in Paragraph 63 of the Amended Counterclaim.

39. Nikmehr denies the allegations set forth in Paragraph 64 of the Amended Counterclaim.

40. With respect to Paragraph 65 of the Amended Counterclaim, Nikmehr admits that he was involved with the laboratory fermenters at IGENE's Columbia, Maryland facility. He further admits that he worked the third shift. Except as especially so admitted, Nikmehr denies the allegations set forth in Paragraph 65.

41. With respect to Paragraph 66 of the Amended Counterclaim, Niekmehr admits that on or about December 1996, he sent documents to ADM. Nikmehr denies the allegations set forth in Paragraph 66, including, but not limited to, any characterization of the documents or information as stolen, confidential, trade secrets or having a particular monetary value.

42. With respect to Paragraph 67 of the Amended Counterclaim, Niekmehr admits that beginning in or about December 1996, he sent certain documents to ADM. Niekmehr asserts that these documents, copies of which have been provided to IGENE, speak for themselves. Nikmehr denies the remaining allegations set forth in Paragraph 67, including but not limited to any characterization of the documents as stolen or confidential.

43. With respect to Paragraph 68 of the Amended Counterclaim, Niekmehr admits that beginning in or about December 1996, he sent certain documents to ADM. Niekmehr asserts that these documents, copies of which have been provided to IGENE, speak for themselves. Nikmehr denies the remaining allegations set forth in Paragraph 68, including but not limited to any characterization of the documents as stolen or confidential or being the result of IGENE's substantial efforts.

44. Niekmehr denies the allegations set forth in Paragraph 69 of the Amended Counterclaim.

45. With respect to Paragraph 70 of the Amended Counterclaim, Niekmehr admits that beginning in or about December 1996, he sent certain documents to ADM. Niekmehr asserts that these documents, copies of which have been provided to IGENE, speak for themselves. Nikmehr denies the remaining allegations set forth in Paragraph 70,

including but not limited to any characterization of the documents as stolen or confidential or being the result of IGENE's substantial research and analysis.

46.     With respect to Paragraph 71 of the Amended Counterclaim, Niekmehr admits sending certain documents to ADM. Excepts as expressly so admitted, Niekmehr denies the remaining allegations set forth in Paragraph 71, including but not limited to any characterization of the information as confidential.

47.     With respect to Paragraph 72 of the Amended Counterclaim, Niekmehr admits sending certain documents to ADM on or about December 2, 1996. Excepts as expressly so admitted, Niekmehr denies the remaining allegations set forth in Paragraph 72, including but not limited to any characterization of the information as confidential.

48.     With respect to Paragraph 73 of the Amended Counterclaim, Niekmehr admits sending certain documents to ADM. Except as expressly so admitted, Nikmehr denies the remaining allegations set forth in Paragraph 73, including but not limited to the frequency at which he sent the packages and the characterization that the contents of the packages were stolen or confidential.

49.     With respect to Paragraph 74 of the Amended Counterclaim, Niekmehr admits sending a letter to ADM on or about May 12, 1997. Niekmehr assets that the letter speaks for itself. Except as expressly so admitted, Niekmehr denies the remaining allegations set forth in Paragraph 74, including but not limited to any characterization of the documents as stolen or as confidential.

50.     Nikmehr denies the allegations set forth in Paragraph 75 of the Amended Counterclaim.

51.     Nikmehr denies the allegations set forth in Paragraph 76 of the Amended Counterclaim.

52.     Nikmehr denies the allegations set forth in Paragraph 77 of the Amended Counterclaim.

53. Nikmehr denies the allegations set forth in Paragraph 78 of the Amended Counterclaim.

54. Nikmehr admits the allegations set forth in Paragraph 79 of the Amended Counterclaim.

55. Nikmehr denies the allegations set forth in Paragraph 80 of the Amended Counterclaim.

56 Nikmehr denies the allegations set forth in Paragraph 81 of the Amended Counterclaim.

57 Nikmehr admits the allegations set forth in Paragraph 82 of the Amended Counterclaim.

58. With respect to Paragraph 83 of the Amended Counterclaim, Nikmehr admits that on July 17, 1997 a search warrant was executed on Nikmehr's apartment. Except as expressly so admitted, Nikmehr denies the remaining allegations in Paragraph 83.

59. Nikmehr denies the allegations set forth in Paragraph 84 of the Amended Counterclaim.

60. Nikmehr denies the allegations set forth in Paragraph 85 of the Amended Counterclaim.

61. With respect to Paragraph 86 of the Amended Counterclaim, Nikmehr denies the characterization of the communications between himself and ADM as "conspiring." With respect to the remaining allegations in Paragraph 86, Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

62. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 87 of the Amended Counterclaim and therefore denies them.

63. Nikmehr denies the allegations set forth in Paragraph 88.

Case 1:97-cv-02358-WDQ    Document 199    Filed 08/08/2003    Page 10 of 20

64. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 89 of the Amended Counterclaim and therefore denies them.

65. With respect to Paragraphs 90 of the Amended Counterclaim, Niekmehr admits to sending certain newspaper articles to ADM. Niekmehr asserts that the articles speak for themselves and denies the remaining allegations set forth in Paragraph 90.

66. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 91 of the Amended Counterclaim and therefore denies them.

67. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 92 of the Amended Counterclaim and therefore denies them.

68. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 93 of the Amended Counterclaim and therefore denies them.

69. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 94 of the Amended Counterclaim and therefore denies them.

70. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 95 of the Amended Counterclaim and therefore denies them.

71. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 96 of the Amended Counterclaim and therefore denies them.

72. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 97 of the Amended Counterclaim and therefore denies them.

73. Nikmehr denies the allegations set forth in Paragraph 98 of the Amended Counterclaim.

74. Nikmehr denies the allegations set forth in Paragraph 99 of the Amended Counterclaim.

75. With respect to Paragraph 100 of the Counterclaim, Nikmehr admits that IGENE paid him salary and benefits throughout the period of his employment. Except as expressly so admitted, Nikmehr denies all other allegations set forth in Paragraph 100.

76 Nikmehr denies the allegations set forth in Paragraph 101 of the Amended Counterclaim.

77 Nikmehr denies the allegations set forth in Paragraph 102 of the Amended Counterclaim.

78 Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 103 of the Amended Counterclaim and therefore denies them.

79. With respect to Paragraph 104 of the Amended Counterclaim, Nikmehr asserts that the documents returned to IGENE speak for themselves and denies the remaining allegations set forth in Paragraph 104 of the Amended Counterclaim.

80. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 105 of the Amended Counterclaim and therefore denies them.

81. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 106 of the Amended Counterclaim and therefore denies them.

82. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 107 of the Amended Counterclaim and therefore denies them.

83.     Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 108 of the Amended Counterclaim and therefore denies them.

84.     Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 109 of the Amended Counterclaim and therefore denies them.

85.     Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 110 of the Amended Counterclaim and therefore denies them.

86.     Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 111 of the Amended Counterclaim and therefore denies them.

87.     With respect to Paragraph 112 of the Amended Counterclaim, Nikmehr repeats and reasserts Paragraphs 1 through 86 above as more fully set forth herein.

88.     Nikmehr denies the allegations set forth in Paragraph 113 of the Amended Counterclaim.

89      Nikmehr denies the allegations set forth in Paragraph 114 of the Amended Counterclaim.

90.     With respect to Paragraph 115 of the Amended Counterclaim, Nikmehr denies misappropriating IGENE's trade secrets and confidential documents. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of what ADM and ABBAS knew or should have known with respect to the remaining allegations in Paragraph 108 of the Counterclaim and therefore denies them.

91.     Nikmehr denies the allegations set forth in Paragraph 116 of the Amended Counterclaim.

92.     Nikmehr denies the allegations set forth in Paragraph 117 of the Amended Counterclaim.

93.     Nikmehr denies the allegations set forth in Paragraph 118 of the Amended Counterclaim.

94.     With respect to Paragraph 119 of the Amended Counterclaim, Nikmehr repeats and reasserts Paragraphs 1 through 86 and 88 through 93 above as more fully set forth herein.

95.     Nikmehr admits the allegations set forth in Paragraph 120 of the Amended Counterclaim.

96.     Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 121 of the Amended Counterclaim and therefore denies them.

97.     Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 122 of the Amended Counterclaim and therefore denies them.

98.     Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 123 of the Amended Counterclaim and therefore denies them.

99.     Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 124 of the Amended Counterclaim and therefore denies them.

100.    Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 125 of the Amended Counterclaim and therefore denies them.

101.    Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 126 of the Amended Counterclaim and therefore denies them.

102. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 127 of the Amended Counterclaim and therefore denies them.

103. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 128 of the Amended Counterclaim and therefore denies them.

104. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 129 of the Amended Counterclaim and therefore denies them.

105. With respect to Paragraph 130 of the Amended Counterclaim, Nikmehr repeats and reasserts Paragraphs 1 through 86, 88 through 93, and 95 through 104 above as more fully set forth herein.

106. Nikmehr denies the allegations set forth in Paragraph 131 of the Amended Counterclaim.

107. With respect to Paragraph 132 of the Amended Counterclaim, Nikmehr admits that IGENE's only place of business is in the State of Maryland. Nikmehr denies the remaining allegations in Paragraph 132, including, but not limited to, the allegation that theft of trade secrets occurred.

108. Nikmehr denies the allegations set forth in Paragraph 133 of the Amended Counterclaim.

109 Nikmehr denies the allegations set forth in Paragraph 134 of the Amended Counterclaim.

110. Nikmehr denies the allegations set forth in Paragraph 135 of the Amended Counterclaim.

111. With respect to Paragraph 136 of the Amended Counterclaim, Nikmehr repeats and reasserts Paragraphs 1 through 86, 88 through 93, 95 through 104, and 106 through 110 above as more fully set forth herein.

112. Nikmehr denies the allegations set forth in Paragraph 137 of the Amended Counterclaim.

113. With respect to Paragraph 138 of the Amended Counterclaim, Nikmehr repeats and reasserts Paragraphs 1 through 86, 88 through 93, 95 to 104, 106 to 110, and 112 above as more fully set forth herein.

114. Nikmehr admits the allegations set forth in Paragraph 139 of the Amended Counterclaim.

115. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 140 of the Amended Counterclaim and therefore denies them.

116. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 141 of the Amended Counterclaim and therefore denies them.

117. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 142 of the Amended Counterclaim and therefore denies them.

118. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 143 of the Amended Counterclaim and therefore denies them.

119. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 144 of the Amended Counterclaim and therefore denies them.

120. With respect to Paragraph 145 of the Amended Counterclaim, Nikmehr repeats and reasserts Paragraphs 1 through 86, 88 through 93, 95 to 104, 106 to 110, 112, and 114 through 119 above as more fully set forth herein.

121. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 146 of the Amended Counterclaim and therefore denies them.

122. With respect to Paragraph 147 of the Amended Counterclaim, Nikmehr denies subparagraphs (b) and (c). With respect to subparagraphs (a), (d), (e), (f), and (g) of Paragraph 147, Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth and therefore denies them.

123. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 148 of the Amended Counterclaim and therefore denies them.

124. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 149 of the Amended Counterclaim and therefore denies them.

125. With respect to Paragraph 150 of the Amended Counterclaim, Nikmehr repeats and reasserts Paragraphs 1 through 86, 88 through 93, 95 to 104, 106 to 110, 112, 114 through 119, and 121 through 124 above as more fully set forth herein.

126. Nikmehr denies the allegations set forth in Paragraph 151 of the Amended Counterclaim.

127. Nikmehr denies the allegations set forth in Paragraph 152 of the Amended Counterclaim.

128. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 153 of the Amended Counterclaim and therefore denies them.

129. Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 154 of the Amended Counterclaim and therefore denies them.

130.    Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 155 of the Amended Counterclaim and therefore denies them.

131.    Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 156 of the Amended Counterclaim and therefore denies them.

132.    With respect to Paragraph 157 of the Amended Counterclaim, Nikmehr repeats and reasserts Paragraphs 1 through 86, 88 through 93, 95 to 104, 106 to 110, 112, 114 through 119, 121 through 124, and 126 through 131 above as more fully set forth herein.

133.    Nikmehr denies the allegations set forth in Paragraph 158 of the Amended Counterclaim.

134.    Nikmehr denies the allegations set forth in Paragraph 159 of the Amended Counterclaim.

135.    Nikmehr denies the allegations set forth in Paragraph 160 of the Amended Counterclaim.

136.    Nikmehr denies the allegations set forth in Paragraph 161 of the Amended Counterclaim.

137.    Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 162 of the Amended Counterclaim and therefore denies them.

138.    Nikmehr denies the allegations set forth in Paragraph 163 of the Amended Counterclaim.

139.    Nikmehr denies the allegations set forth in Paragraph 164 of the Amended Counterclaim.

140.    Nikmehr denies the allegations set forth in Paragraph 165 of the Amended Counterclaim.

141.    Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 166 of the Amended Counterclaim and therefore denies them.

142.    Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 167 of the Amended Counterclaim and therefore denies them.

143.    Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 168 of the Amended Counterclaim and therefore denies them.

144.    With respect to Paragraph 169 of the Amended Counterclaim, Nikmehr repeats and reasserts Paragraphs 1 through 86, 88 through 93, 95 to 104, 106 to 110, 112, 114 through 119, 121 through 124, 126 through 131, and 133 through 143 above as more fully set forth herein.

145.    Nikmehr denies the allegations set forth in Paragraph 170 of the Amended Counterclaim.

146.    Nikmehr admits the allegations set forth in Paragraph 171 of the Amended Counterclaim.

147.    Nikmehr denies the allegations set forth in Paragraph 172 of the Amended Counterclaim.

148.    Nikmehr denies the allegations set forth in Paragraph 173 of the Amended Counterclaim.

149.    Nikmehr denies the allegations set forth in Paragraph 174 of the Amended Counterclaim.

150.    Nikmehr denies the allegations set forth in Paragraph 175 of the Amended Counterclaim.

151.    Nikmehr denies the allegations set forth in Paragraph 176 of the Amended Counterclaim.

152.  Nikmehr denies the allegations set forth in Paragraph 177 of the Amended Counterclaim.

153.  Nikmehr denies the allegations set forth in Paragraph 178 of the Amended Counterclaim.

154.  With respect to Paragraph 179 of the Amended Counterclaim, Nikmehr repeats and reasserts Paragraphs 1 through 86, 88 through 93, 94 through 104, 106 through 110, 112, 114 through 119, 120 through 124, 126 through 131, 133 through 143, and 145 through 153 above as more fully set forth herein.

155.  Nikmehr lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 180 of the Amended Counterclaim and therefore denies them.

156.  Nikmehr denies the allegations set forth in Paragraph 181 of the Amended Counterclaim.

157.  Nikmehr denies the allegations set forth in Paragraph 182 of the Amended Counterclaim.

158.  Paragraphs 183 through 194 of the Counterclaim set forth a claim of Breach of Contract by ADM as to which no response by this defendant is required.  To the extent that a response is required to these allegations, Nikmehr denies the allegations set forth in Paragraph 183 through 194 of the Counterclaim.

159.  Paragraphs 195 through 206 of the Counterclaim set forth a claim for Declaratory Relief and Patent Counterclaim against ADM as to which no response by this defendant is required.  To the extent that a response is required to these allegations, Nikmehr denies the allegations set forth in Paragraph 195 through 206 of the Counterclaim.

160.  The remaining paragraphs of the Counterclaim set forth claims for relief of to which no response is required.  To the extent these allegations are deemed factual, or it is determined that a response is required, Nikmehr denies the allegations set forth in Paragraphs 186-207 of the Counterclaim.

161.    All allegations in the Counterclaim not expressly admitted are denied.

### Third Defense

This court lacks subject matter jurisdiction over the state law claim.

### Fourth Defense

IGENE's claims for damages relating to misappropriation of a alleged confidential, proprietary or trade secret documents or information, are barred by its failure to take reasonable steps to protect its documents and information.

### Fifth Defense

IGENE's claims for damages for misappropriation of alleged confidential, proprietary and trade secret documents or information are barred because such documents and information have been publicly disclosed through no fault of Nikmehr.

**WHEREFORE,** having fully answered, Ali Nikmehr requests that this Court deny IGENE all relief requested, dismiss the First Amended Counterclaims, and award attorneys fees and costs to him.

Respectfully submitted,

_____/S/_____
Leonard C. Redmond, III
FEDERAL BAR NO. 00713
115 West Saratoga Street
Baltimore, Maryland  21201
(410) 752-1555