IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ARCHER-DANIELS-MIDLAND CO.          :
                                    :
        v.                          : CIVIL NO. WDQ 97-2358
                                    :
IGENE BIOTECHNOLOGY, INC.           :
                                    :

## STIPULATION OF DISMISSAL

WHEREAS, on or about July 21, 1997, ADM filed the above-captioned action against Igene alleging infringement of United States Patent No. 5,466,599 (hereinafter "the '599 patent");

WHEREAS, on or about August 5, 1997, Igene filed an action captioned <u>Igene Biotechnology, Inc. v. Archers Daniels Midland Corporation</u>, Case No. MJG97-2493 against ADM;

WHEREAS, on or about August 25, 1997, Igene filed the Answer and Counterclaims of Igene Biotechnology, Inc. in the above-captioned action;

WHEREAS, on or about September 2, 1997, Igene dismissed the action captioned <u>Igene Biotechnology, Inc. v. Archers Daniels Midland Corporation</u>, Case No. MJG97-2493;

WHEREAS, on or about September 17, 1997, ADM filed a Reply denying the allegations in the Counterclaims;

WHEREAS, on or about March 29, 1999, Igene filed a First Amended Answer and Counterclaims of Igene Biotechology, Inc. alleging various claims

including, misappropriation of trade secrets, breach of contract, and antitrust violations, which the Court deemed to be filed on July 3, 2003;

WHEREAS, on or about July 23, 2003, ADM filed an Answer to the First Amended Counterclaims denying the allegations;

WHEREAS, ADM and Igene now wish to dismiss their respective claims without any admission of liability by either party;

NOW THEREFORE, ADM and Igene agree as follows:

1. All claims and counterclaims between ADM and Igene in the above-captioned action are dismissed WITH PREJUDICE;

2. This dismissal is also WITH PREJUDICE to any claims by ADM that any actions by Igene, including those at issue in the above-captioned action, were in violation of any other U.S. patent ADM currently holds, has applied for, or may apply for or obtain in the future, claiming the priority of the application for the '599 patent, including all continuations, divisionals, continuations-in-part, and other counterparts thereof, but expressly excluding any foreign patents or patent applications claiming the priority of the application for the '599 patent, including corresponding foreign patents;

3. This dismissal is WITHOUT PREJUDICE to any claims by ADM that any actions by Igene, including those at issue in the above-captioned action, were in violation of any other patent ADM currently holds, has applied for, or may apply for or obtain in the future anywhere in the world, including any other foreign patents;

4. This dismissal is WITHOUT PREJUDICE to any claims by Igene that any patents ADM currently holds, has applied for, or may apply for or obtain in the future anywhere in the world are invalid or unenforceable for any reason;

5. This dismissal is WITHOUT PREJUDICE to any future claims by Igene that any actions by ADM were in violation of any patent Igene currently holds, including any foreign patents;

6. This dismissal is WITHOUT PREJUDICE to any claims by ADM that any patents Igene currently holds, has applied for, or may apply for or obtain in the future anywhere in the world are invalid or unenforceable for any reason;

7. ADM will not use, rely upon, or seek any benefit from, any information or documents it obtained from Ali Nikmehr relating directly or indirectly to Igene, including but not limited to either Igene's technology or business plans and practices except to the extent any such information is in the public domain, except through any improper actions of Nikmehr or this action;

8. ADM will not use any Igene proprietary enzyme cell disruption technology in the production of its astaxanthin fish food colorant except to the extent any such information is in the public domain, except through any improper actions of Nikmehr or this action;

9. ADM will immediately return to Igene all originals or copies of documents it received from Ali Nikmehr except for 1 set of copies that may be retained on an "Attorney Eyes Only" basis or any copies that may be contained in pleadings filed in this action;

10. Each party to bear its own costs and attorneys' fees.

Respectfully submitted,

By: _____
Ralph L. Lotkin, Esq.
Capitol Hill West Building
201 Massachusetts Avenue, N.E.
  Suite C-1
Washington, D.C.  20002
(202) 547-9225

Joel Marc Abramson, Esq.
9175 Guilford Road, Suite 301
Columbia, MD  21046

Lawrence M. Sung, Esq.
Preston, Gates, Ellis & Rouvelas & Meeds LLP
1735 New York Avenue, N.W., Suite 500
Washington, D.C.  20006

Attorneys for Igene Biotechnology, Inc.

By: /s/ William R. Murray
William R. Murray, Jr., Esq.
Williams & Connolly LLP
725 12th Street, N.W.
Washington, D.C.  20005

Jorge A. Goldstein, Esq.
David K. S. Cornwell, Esq.
Steven R. Ludwig, Esq.
Sterne, Kessler, Goldstein & Fox P.L.L.C.
1100 New York Avenue, N.W.
Washington, D.C.  20005

Attorneys for Archer-Daniels-Midland Co.

- 6 -

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of September, 2003, a copy of the foregoing Stipulation of Dismissal was filed electronically with the Court, and that copies were mailed, first class, postage prepaid to:

>Leonard C. Redmond, III, Esq.
>115 West Saratoga Street
>Baltimore, MD  21201

*William R. Murray, Jr.* (signature)
William R. Murray, Jr.